Chen v. Holder

BIA
Nelson, IJ
A089 918 955

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of August, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

ZENG NONG CHEN,
> *Petitioner,*

v.                                    11-5245
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Benjamin B. Xue, Law Offices of
                         Benjamin B. Xue, P.C., New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Eric Warren Marsteller,
                         Senior Litigation Counsel; Daniel

**Eric Goldman, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zeng Nong Chen, a native and citizen of China, seeks review of a November 28, 2011, order of the BIA, affirming the May 5, 2010, decision of an Immigration Judge ("IJ"), pretermitting his application for asylum, and denying withholding of removal and relief under the Convention Against Torture ("CAT").[1] *In re Zeng Nong Chen,* No. A089 918 955 (B.I.A. Nov. 28, 2011), *aff'g* No. A089 918 955 (Immig. Ct. N.Y. City May 5, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "The substantial evidence standard of review applies and we uphold the IJ's factual findings if they are supported by

---

[1] Chen does not challenge the IJ's denial of this CAT claim.

2

reasonable, substantial and probative evidence in the record." *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (citation and internal quotation marks omitted). For asylum applications such as Chen's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," or any inconsistency or omission in the applicant's statements, "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163 (2d Cir. 2008) (same).

Chen challenges the agency's adverse credibility determination. However, the agency, in making its determination, reasonably relied on the inherent implausibility of Chen's claim that, following a police raid on his regular Falun Gong practice group in front of a friend's house, in which Chen narrowly escaped arrest, the group relocated to a public park to continue their Falun Gong practice, despite Chen's fear of arrest. *See Xiao Ji*

3

*Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.16 (2d Cir. 2006) (upholding an implausibility finding as to a petitioner's claim that she went into hiding to avoid officials and yet continued working in a location where the officials were likely to find her). Because the IJ's implausibility finding was based on the record, we cannot conclude that a reasonable adjudicator would be compelled to find otherwise. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (noting that, while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"); *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (holding that if "the reasons for the [IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence).

The agency also reasonably relied, in part, on Chen's demeanor in finding him not credible, noting that while he was initially forthright in answering questions, he later hesitated for long periods before answering questions, gave

4

unresponsive answers, or gave no answer at all. Because demeanor is "virtually always evaluated subjectively and intuitively," an IJ's assessment of an applicant's demeanor merits "great deference." *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 381 (2d Cir. 2007) (noting that an IJ, as a first-hand observer, is best situated to assess demeanor). This is especially true when, as here, the agency has identified other testimonial bases for its credibility determination. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony.").

The agency found that Chen's failure to provide sufficient objective corroborative evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Though Chen submitted letters

from his mother and from a friend, Jing Rong Shi, the agency reasonably accorded minimal weight to this evidence because the letters were unsworn and prepared by interested parties who could not be cross-examined. *See Xiao Ji Chen*, 471 F.3d at 342 (finding that the weight accorded to an applicant's evidence lies largely within the discretion of the agency).

In light of the demeanor, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and provided a valid basis for the denial of withholding of removal. *See Xiu Xia Lin*, 534 F.3d at 167.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's motions for a stay of removal are DENIED as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

6